FILED

AUG 06 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA.

Vs.

DOMINIQUE JACKSON, petitioner

CASE NO: 2-10-CR-00199

DATE: AUGUST 2, 2021

## PETITION FOR MODIFICATION OR EARLY TERMINATION OF TERM OF SUPERVISED RELEASE

Petitioner DOMINIQUE JACKSON, herein, respectfully request that this Honorable Court terminate his term of supervised release, pursuant to 18 U.S.C section 3583(e)(1).In support herein, Petitioner does state that and show Court as follows:

1) That, Petitioner was indicted in Case No: 2-10-CR-00199 and consequently, Petitioner was sentenced in this court to a term of 220 months and it was reduced to 188 months approximately in prison followed by a 5 year term of probation.
2) To this date Petitioner has served 27 months of probation with exemplary behavior, on the 5 year term. Petitioner has been out of prison for 32 months.
3) That petitioner has submitted his required monthly reports in a timely manner and has had no infractions. Petitioner has shown rehabilitation.
4) The petitioner motions is also supported and backed by current probation officer waynette west located in the northern district of texas

Hence the continuation of Petitioner's term of supervision would only incur undue financial liability and undue burden upon the United States Probation Department's already overloaded case loads. The time can preciously be spent on other individuals with higher risk in order to better allocate taxpayer funds.

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S PETITION FOR TERMINATION OF SUPERVISED RELEASE

A District Court's discretionary authority provided by 18 U.S.C section 3583(e)(1) to terminate a term of supervised release after the completion of one(1) year applies even if defendant was sentenced to a mandatory term of 3 years or more of supervised release.

Title 18 U.S.C section 3583(e)(1) and the Court's discretionary authority was made part of the original changes in post-conviction supervision brought on by the Sentencing Reform Act. Two years later, when Congress enacted the mandatory term provided by section 851(b)(1)(c) as part of the Anti-Drug Abuse Act, section 3582(a) was amended to reflect the new mandatory minimum, but Congress said nothing and did nothing about the discretion provided in section 3583(e)(1).

The ADAA also amended 18 U.S.C section 3583(a) to include the requirement that if a Court is to impose a sentence of imprisonment the court must "include as part of the sentence that defendant be placed on a term of supervised release if such a term is required by statute." The ADAA, however, did not amend the Court's discretionary authority to terminate or modify supervised release under section 3582.

In the mind of Congress, as expressed in plain meaning of the statutes... The sentencing phase is different than post-sentencing modification. Prior to the Congress Amendment of U.S.C section 2583(e)(1); it also had the additional and separate discretionary authority to terminate a term of supervised release after one(1) year of completion. When Congress subsequently amended 18 U.S.C section 3583(e)(1), if the conduct of the person and the interest of justice warranted it.

Seen as two separate chronological phases, the statute mandating a specific sentence of supervised release and statute authorizing the termination of the prior imposed sentence are quite consistent. They are not in conflict as "[n]either statute prohibits the other from working." Gallenstein vs United States 975 F.2d 286 at 291 (CA)(1992). Therefore, in the absence of clear Congressional Expression to the contrary, a Court must give effect to both statutes. Even though the court had to sentence defendant to a mandatory term of supervised release it still has the subsequent discretionary authority to terminate defendant's term of supervised

release and discharge defendant after one(1) year of completion. See United States vs Spinelle, CA6 No.93-2481, (12/7/1994).

In Rodriguera vs United States, 954 f.2D 1465(1992) The Ninth Circuit held that section 3583(e)(2) which authorizes a District Court to extend a term or modify the conditions of the supervised release, applied to the supervised release term Rodriguera had received. The court stated: "Given the anomalous result which would be produced by requiring supervised release terms for these ADAA Drug Offenses without adopting standards to guide their implementation, it would have been reasonable for Congress to assume that the instruction on revocation of supervised release contained in 18 U.S.C section 3583(e)(2) would apply to supervised release terms imposed for ADAA offenses." ID at 1469. The same reasoning, along with previous arguments lead to... the conclusion that Congress intended the instructions for the termination of supervised release contained in 18 U.S.C section (e)(1) to apply to the supervised terms imposed for the ADAA offenses.

Wherefore, Petitioner prays that the Honorable Court Pursuant to its discretionary authority under 18 U.S.C section 3583(e)(1) would terminate Petitioner's actual supervised release by granting this motion.

Respectfully submitted,

DOMINIQUE JACKSON

Date: 8/23/21. DENIED. Early termination of supervised release under 18 U.S.C. 3583(e) should occur only when something exceptional or extraordinary warrants it. Nothing in the Defendant's submission suggests such conditions exist in this case. He has done nothing more than comply with the conditions of supervisory release. As such, the Motion is denied.

Donetta W. Ambrose
U.S. District Judge
W.D. Pennsylvania

# CERTIFICATE OF SERVICE

I Dominique Jackson, herby certify that I have served a true and correct copy of the following:

PETITION FOR EARLY TERMINATION OR MODIFICATION OF TERM OF SUPERVISED RELEASE

Which is deemed filed at the time it was deposited in the US Postal Office Box mail system in accordance with Rule 4, Federal Rules of Appellate Procedure and Houston vs Lack, 108 S. Ct. 2379(1988), by placing same in sealed first class postage prepaid envelope addressed to:

Clerk's Office

United States District Court

For The Western District of Pennsylvania

700 grant street

Pittsburgh Pa 15219

I declare under penalty of perjury under the title 28 U.S.C section 1746, that the foregoing is true and correct.

Dated: August 2, 2021

*[signature]*
Dominique Jackson

Dominique Jackson
3527 Palm Drive
Mesquite TX 75150

7020 2450 0000 8324 9738

U.S. POSTAGE PAID
FCM LG ENV
DALLAS, TX
75219
AUG 03, 21
AMOUNT
$4.80
R2304M114561-45

US Court Clerk
700 Grant Street Suite 3110
Pittsburgh PA 15219